NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAMPDEN ENGINEERING CORPORATION | Civil Action No.: 15-7424 |
| Plaintiff, | OPINION |
| v. | |
| SHEAR TECHNOLOGY, LLC, | |
| Defendants. | |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on a Motion to Dismiss brought by Defendant Shear Technology, LLC ("Defendant"). [ECF No. 12.] Plaintiff Hampden Engineering Corporation ("Plaintiff") opposes the motion. [ECF No. 13.] The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' submissions, Defendant's motion is granted in part and denied in part.

## II. BACKGROUND

Plaintiff is in the business of designing and manufacturing engineering and technology training equipment. [See Amended Complaint ("Am. Compl."), ECF No. 11, ¶ 7.] Plaintiff's equipment is used by universities and technical and vocational schools, and in industry workforce development programs. [See id. ¶ 8.]

1

On or about April 29, 2013, Plaintiff applied to the United States Copyright Office for registration of four of its technical drawings (collectively, the "Hampden Drawings").[1] [See id. ¶ 10.] Plaintiff manufactured, advertised, and sold certain products (collectively, the "Hampden Products") based upon the Hampden Drawings.[2] [See id. ¶ 17.]

In or about 2013, Plaintiff discovered a letter ("Iskander Letter"), dated May 3, 2012, from Alex Iskander, the Engineering Manager of the New York City School Construction Authority ("NYCSCA"), to Edan Peleg, a Managing Member of Defendant. [See id. ¶ 28.] The Iskander Letter approved Defendant's request for the inclusion of its "Science Lab Power Units" in the next revision of the NYCSCA Standard Specifications. [See id. ¶ 29, Exhibit D.] The "Science Lab Power Units" referenced in the Iskander Letter are based on a set of drawings provided by Defendant to NYCSCA (collectively, the "Shear Drawings").[3] [See id. ¶ 31.] Plaintiff alleges that the Shear Drawings are substantially similar to the Hampden Drawings. [See id. ¶¶ 33-36.] Further, Plaintiff alleges that Defendant had access to the Hampden Drawings. [See id. ¶ 32.]

---

[1] The Hampden Drawings are: (1) the "Teacher Unit X-1SR Drawing," which was created and published in 1997 and is registered under U.S. Copyright Reg. No. VA 1-857-282; (2) the "Student Unit X-2SR Drawing," which was created and published in 1997 and is registered under U.S. Copyright Reg. No. VA 1-857-282; (3) the "Hampden Engineering X-3 Meter Demonstration Drawing," which was created and published in 2006 and is registered under U.S. Copyright Reg. No. VA 1-857-284; (4) and the "Hampden Engineering X-4 Meter Connection Panel Drawing," which was created and published in 1994 and is registered under U.S. Copyright Reg. No. VA 1-857-285. [See Am. Compl. ¶¶ 10-16, Ex. B.]

[2] Plaintiff manufactured, advertised, and sold the Hampden Products under the following names: (1) "Model X-1SR," which was manufactured and sold by Plaintiff at least as early as 1997; (2) "Model X-2SR," which was manufactured and sold by Plaintiff at least as early as 1997; (3) "Model X-3," which was manufactured and sold by Plaintiff at least as early as 2006; and (4) "Model X-4," which was manufactured and sold by Plaintiff at least as early as 1994. [See Am. Compl. ¶¶ 18-23, Ex. C.]

[3] Plaintiff identified the Shear Drawings as: (1) the "Shear Technology Instructors Power Supply Drawing;" (2) the "Shear Technology Student Power Supply Drawing;" (3) the "Shear Technology Meter Demonstration Unit Drawing;" and (4) the "Shear Technology Meter Connection Panel Drawing." [See Am. Compl., Ex. E]

2

Defendant sells products (the "Shear Products")[4] that were allegedly built based upon the Shear Drawings. [See id. ¶ 37, Ex. F.] Plaintiff alleges that the Shear Products are substantially similar to the Hampden Products. [See id. ¶¶ 39, 41, 43, 45.]

As early as February 19, 2013, Defendant offered Shear Products for sale on a website (the "Shear Website").[5] [See id. ¶ 37, Ex. F.] On February 22, 2013 and March 1, 2013, Defendant attempted to sell and/or sold the Shear Products to third party Midland Electrical Contracting ("MEC"), to whom Plaintiff has sold equipment for use on NYCSCA projects at schools throughout New York City. [See id. ¶ 47-49, Exs. G-H.] In February 2013, during a meeting with potential third party buyer Solar Electric Corporation ("Solar Electric"), a Solar Electric engineer showed Plaintiff's representative(s) copies of one or more of the Shear Drawings. [See id. ¶¶ 51-52.] Shortly thereafter, Plaintiff discovered the Shear Website. [See id. ¶ 54.]

On or about March 20, 2013, Plaintiff sent an overnight letter to Defendant and Mr. Peleg informing Defendant that it was in violation of the United States Copyright Act. [See id. ¶ 26, Ex. J.] On or about April 5, 2013, Defendant responded by letter denying Plaintiff's allegations. [See id. ¶ 27, Ex. K.]

Two years later, in or about January 2015, Plaintiff discovered that Bread and Roses High School, located in New York, New York, was displaying and using at least two units that Defendant manufactured and sold. [See id. ¶ 57, Ex. I.] Those units were allegedly substantially similar the Hampden Products. [See id. ¶¶ 59, 64.]

---

[4] Defendant marketed the Shear Products under the following names: (1) "Instructors Power Supply - IPS (X-1);" (2) "Students Power Supply - SPS (X-2);" (3) "Meter Demonstration Unit - MDU (X-3);" and (4) "Meter Connection Panel - MCP (X-4)." [See Am. Compl. ¶ 38.]

[5] The Shear Website is available at www.sheartechnology.net/Products.php.

On October 13, 2015, Plaintiff filed its original Complaint against Defendant. [ECF No. 1.] After Defendant moved to dismiss, Plaintiff filed its Amended Complaint on December 10, 2015. [ECF No. 11.] The Amended Complaint asserts a claim of copyright infringement under the Copyright Act (Count I) and trade dress infringement under the Lanham Act (Count IV). Plaintiff also asserts state law claims for unfair competition (Counts II and III), injurious falsehood (Count V), tortious interference with business relationships (Count VI), conversion (Count VII), and violation of the New Jersey Consumer Fraud Act ("NJCFA") (Count VIII). In response, Defendant filed the instant Motion to Dismiss, contending that Plaintiff has failed to plead each count with the requisite particularity. [ECF No. 12.] Defendant further contends that Plaintiff lacks standing as to Count VIII. [Id.]

## III. LEGAL STANDARD

### A. Failure to State a Claim

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

4

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

### B. Subject Matter Jurisdiction

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007) (citing St. Thomas-St. John Hotel Tourism Ass'n v. Gov't of the U.S. Virgin Islands, 218 F.3d 232, 240 (3d Cir. 2000). "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Lance v. Coffman, 549 U.S. 437, 439 (2007). One key aspect of this case or controversy requirement is standing. Lance, 549 U.S. at 549; Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.") "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." Constitution Party v. Aichele, 757 F.3d 347, 360 (3d Cir. 2014) (citing Davis v. FEC, 554 U.S. 724, 734 (2008)). "[T]o establish standing, a plaintiff must show (1) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized'; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." Nat'l Collegiate Athletic Ass'n v. Gov. of N.J., 730 F.3d 208, 218 (3d Cir. 2013) (citing Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing

these elements." Lujan, 504 U.S. at 561. At the motion to dismiss stage, a plaintiff must demonstrate a plausible claim of standing. See id.

## IV. DISCUSSION

For the following reasons, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is granted in part and denied in part.

### A. Copyright Infringement (Count I)

Defendant contends that Plaintiff's copyright infringement claim should be dismissed for failure to state a claim. To survive a motion to dismiss, a claim for copyright infringement must allege: (1) which specific original works are the subject of the copyright; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the [Copyright Act]; and (4) by what acts and during what time the defendant infringed the copyright. Bradshaw v. American Institute for History Educ., Civ. No. 12-1367, 2013 U.S. Dist. LEXIS 34566, at *7 (D.N.J. Mar. 13, 2013) (citing Gee v. CBS, Inc., 471 F. Supp. 600, 643 (E.D. Pa. 1979), aff'd, 612 F.2d 572 (3d Cir. 1979)).

"[P]roperly pleading the specific original work that is the subject of the copyright claim is often times accomplished by attaching the Copyright Registration to the Complaint." Flynn v. Health Advocate, Inc., Civ. A. No. 03-3764, 2004 U.S. Dist. LEXIS 12536, at *6 (E.D. Pa. July 8, 2004). Here, Plaintiff has attached the Copyright Registrations for the works it alleges are the subject of its copyright infringement claim. [See Am. Compl. Ex. B.] The Hampden Drawings were registered with the Copyright Office on April 29, 2013. Defendant does not dispute that Plaintiff registered the copyrights in accordance with the Copyright Act. Finally, Plaintiff's Amended Complaint alleges specific instances of Defendant's infringement—specifically,

February 22, 2013 (Estimate # Curtis-0 to MEC), March 1, 2013 (Estimate # PS162-0 and # Curtis-2 to MEC), the Shear Website, and providing the Shear Drawings to Solar Electric.

Defendant argues that the drawings associated with the respective copyrights should not have a presumption of validity because the registrations were obtained over five years after publication. [See ECF No. 12 ("Def. Br.") at 4 (citing 17 U.S.C. § 410(c)).] That argument, however, pertains to evidentiary weight—a question that is reserved for the discretion of the Court at the appropriate time. See 17 U.S.C. § 410(c). At the motion to dismiss phase, the Court views the facts in a light most favorable to Plaintiff and the validity of the copyright is assumed.

Defendant further contends that Plaintiff is attempting to expand the scope of its copyright to prevent Defendant from making and selling the Shear Products, which are useful objects not otherwise subject to copyright protection. [See Def. Br. at 4-7.] Niemi v. Am. Axle Mfg. & Holding Inc., 05-74210, 2006 U.S. Dist. LEXIS 50153, at *9 (E.D. Mich. July 24, 2006) ("[T]he manufacture of a machine from a copyrighted technical drawing is clearly not copyright infringement."). To the extent Plaintiff attempts to assert a claim for copyright infringement on the basis that Defendant manufactured the Shear Products using copies of the Hampden Drawings, that claim would fail as a matter of law. See Forest River, Inc. v. Heartland Recreational Vehicles, LLC, 753 F. Supp. 2d 753, 760 (N.D. Ind. 2010). However, on the face of the Amended Complaint, it is the Shear Drawings that are alleged to infringe the copyright. [See Am. Compl. ¶¶ 32-36.]

Finally, Defendant appears to argue that, because Plaintiff has not identified the portions of the copyrighted work that are original and were copied by Defendant, Plaintiff has not established that copyright infringement occurred. [See Def. Br. at 7 (citing Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991)).] However, it is axiomatic that "standards

of pleading are not the same as standards of proof" and a plaintiff is not required to "prove [its] case" in its complaint. See Phillips, 515 F.3d at 246; see also Ford Motor Co. v. Edgewood Props., No. 06-1278, 2009 U.S. Dist. LEXIS 4172, at *36 (D.N.J. Jan. 20, 2009) ("[The plaintiff] does not have to prove its case at this point. Rule 8(a)(2) requires only a 'showing' that the claimant is entitled to relief--not a 'showing' of evidence."). At this point, the Court cannot make factual determinations regarding the originality of the copyrighted work and whether Defendant copied the original elements. Rather, the Court restricts its analysis to whether the Amended Complaint pleads facts sufficient to survive a motion to dismiss. See id. Plaintiff has pleaded enough facts to "raise a reasonable expectation that discovery will reveal evidence" of the necessary elements of the claim for copyright infringement. See Twombly, 550 U.S. at 556. Accordingly, Defendant's Motion to Dismiss will be denied as to Plaintiff's copyright infringement claim.

### B. Unfair Competition – Passing Off (Counts II and III)

Counts II and III of the Amended Complaint assert causes of action for unfair competition in connection with Defendant allegedly "passing off" Plaintiff's intellectual property and products as its own. "Passing off" occurs when "one fraudulently markets his goods as those of another . . . ." SK&F, Co. v. Premo Pharm. Labs., Inc., 625 F.2d 1055, 1062 (3d Cir. 1980); see also Web Printing Controls Co. v. Oxy-Dry Corp., 906 F.2d 1202, 1203 n.1 (7th Cir. 1990) ("Passing off involves the selling of a good or service of one's own creation under the name or mark of another.") Here, Plaintiff alleges that Defendant sold another's creation (*i.e.*, the Hampden Drawings and Hampden Products) under its own name. [See Am. Compl. at Counts II and III.] Thus, the factual allegations are reversed and do not support a cause of action for "passing off."

Rather, construing the Amended Complaint liberally, the factual allegations appear to be directed to "reverse passing off," which occurs when one "markets, sells, and represents the goods

or services of another as its very own, and thus gives rise to an actionable claim for reproducing, distributing, or displaying copyrighted works." Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F. Supp. 2d 552, 565 (D.N.J. 2002). Reverse passing off, however, is preempted by Plaintiff's copyright claim. See Quadratec, Inc. v. Turn 5, Inc., Case No. 13-6384, 2015 U.S. Dist. LEXIS 107071, at *32 (E.D. Pa. Aug. 13, 2015) ("[U]nfair competition claims alleging reverse passing off are preempted by the Copyright Act . . . .").

To the extent Counts II and III of the Amended Complaint are directed to "passing off," the factual allegations do not support it. To the extent they are directed to "reverse passing off," they are preempted as a matter of law. Thus, Counts II and III of Plaintiff's Amended Complaint must be dismissed.

### C. Trade Dress Infringement (Count IV)

Plaintiff alleges that the Shear Products infringe the trade dress of the Hampden Products pursuant to the Lanham Act. The elements of a trade dress infringement claim are: "(1) the allegedly infringing design is nonfunctional; (2) the design is inherently distinctive or has acquired secondary meaning; and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product." McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC, 511 F.3d 350, 357 (3d Cir. 2007). Further, it is the Plaintiff's duty to "articulat[e] the specific elements which comprise its distinct dress." See Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 381 (2d Cir. 1997). This practice allows the district court to ensure that the claim is not "pitched at an improper level of generality" and the plaintiff is not "seek[ing] protection for an unprotectable style, theme or idea." Id. at 381.

Plaintiff's Amended Complaint reiterates the elements of a trade dress claim by generally stating that the Hampden Products "are inherently distinctive or have acquired secondary meaning

9

in the marketplace." [Am. Compl. ¶¶ 24, 106.] The Amended Complaint fails, however, to identify any aspects of the design of the Hampden Products that are distinctive and thus subject to trade dress protection. Therefore, Plaintiff's trade dress claim cannot survive Defendant's Motion to Dismiss and Count IV of the Amended Complaint must be dismissed.

### D. Injurious Falsehood (Count V)

Count V requests relief against Defendant for injurious falsehood. In order to state a claim for injurious falsehood/product disparagement under New Jersey law, a plaintiff must establish: "(1) publication (2) with malice (3) of false allegations concerning plaintiff's property or product (4) causing special damages, i.e. pecuniary harm." Sys. Operations, Inc. v. Scientific Games Dev. Corp., 555 F.2d 1131, 1140 (3d Cir. 1977). This requires a plaintiff to establish "pecuniary loss that has been realized or liquidated, such as lost sales, or the loss of prospective contracts with customers." Graco, Inc. v. PMC Global, Inc., Civ. A. No. 08-1304 (FLW), 2009 U.S. Dist. LEXIS 26845, at *121 (D.N.J. March 31, 2009).

While, the Amended Complaint pleads the publication element of an injurious falsehood claim by alleging that Defendant communicated with NYCSCA [See Am. Compl. ¶ 114], the other elements of the claim are lacking. The Amended Complaint alleges that Defendant made false statements about its own products rather than about Plaintiff's products. [See Am. Compl. ¶ 116.] Moreover, Plaintiff has failed to adequately plead special damages. Therefore, Count V must be dismissed.

### E. Tortious Interference with Business Relationships (Count VI)

Plaintiff alleges Defendant tortiously interfered with its business relationships. Under New Jersey law, a claim for tortious interference must satisfy the following elements: (1) plaintiff had a reasonable expectation of economic benefit or advantage; (2) defendant knew of plaintiff's

10

expectation; (3) defendant wrongfully, intentionally interfered with that expectation; (4) absent defendant's interference, a reasonable probability existed that plaintiff would have received the expected economic benefit; and (5) plaintiff suffered damages resulting from defendant's interference. Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 186 (3d Cir. 1992).

Plaintiff's Amended Complaint alleges that Plaintiff has in the past sold equipment to MEC and met with Solar Electric to discuss a quote for a project. [See Am. Compl. ¶¶ 47, 51.] In essence, this amounts to a general allegation that Plaintiff had at least some business relationship with those two entities. However, Plaintiff makes no allegation as to how those alleged relationships gave rise to a reasonable expectation of economic benefit or a reasonable probability that Plaintiff would have received such a benefit. Furthermore, Plaintiff does not allege that Defendant knew of Plaintiff's relationship with either of those entities and intentionally interfered with Plaintiff's expectations. While, the Amended Complaint cursorily labels Defendant's behavior as "devious, improper, and unrighteous" [Am. Compl. ¶ 125], it does not describe or specify what alleged acts or actions Defendant undertook to interfere with Plaintiff's business relationships. Accordingly, the Amended Complaint does not sufficiently plead facts to support a cause of action for tortious interference and Count VI must be dismissed.

### F. Conversion (Count VII)

Plaintiff's seventh count is for conversion. [See Am. Compl. ¶ 128.] Conversion is "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." Barco Auto Leasing Corp. v. Holt, 228 N.J. Super. 77, 83, 548 A.2d 1161, 1164-65 (App. Div. 1988) (citations omitted). The elements of common law conversion under New Jersey law are (1) the existence of property, (2) the right to immediate possession thereof belonging to a person,

and (3) the wrongful interference with that right by a different person. Corestar Int'l PTE. Ltd. v. LPB Communs., Inc., 513 F. Supp. 2d 107, 127 (D.N.J. 2007). "Importantly, the tort of conversion 'relate[s] to interference with tangible rather than intangible property.'" Wellness Publ. v. Barefoot, No. 02-3773, 2008 U.S. Dist. LEXIS 1514, at *64 (D.N.J. Jan. 8, 2008) (quoting Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 210 F.Supp.2d 552, 568 (D.N.J.2002)).

The pleaded facts do not support a cause of action for conversion. Plaintiff asserts that Defendant manufactured and sold Defendant's Shear Products which are allegedly "substantially similar" to Plaintiff's Hampden Products. [See Am. Compl. ¶¶ 39, 41, 43, 45.] That allegation pertains to Plaintiff's ownership interest in intangible intellectual property associated with its products. That is not the same as an allegation that Defendant interfered with Plaintiff's right of ownership over Plaintiff's own tangible Hampden Products. Like in Wellness Publ., the Amended Complaint "contains not a single allegation that Defendant[] wrongfully exercised control or otherwise interfered with any tangible property belonging to Plaintiff[]." 2008 U.S. Dist. LEXIS 1514, at *64. Accordingly, Count VII must be dismissed.

### G. Violation of New Jersey Consumer Fraud Act (Count VIII)

Plaintiff brings Count VIII requesting relief from Defendant under the NJCFA, which was enacted to protect consumers from improper selling practices by "prevent[ing] deception, fraud, falsity, whether by acts of commission or omission, in connection with the sale and advertisement of merchandise and real estate." See Fenwick v. Kay American Jeep, Inc., 371 A.2d 13, 15 (1977). The NJCFA provides the right to initiate a private cause of action to "[a]ny person who suffers any ascertainable loss of moneys . . . as a result" of a violation of the NJCFA. N.J.S.A § 56:8-19. "A corporation may qualify as a person under the [NJCFA] when it finds itself in a consumer oriented

situation." Trans USA Prods. v. Howard Berger Co., No. 07-5924, 2008 U.S. Dist. LEXIS 61069, at *18 (D.N.J. Aug. 4, 2008).

Here, Plaintiff is not the "person" to which the NJCFA provides a private cause of action because Plaintiff is not in a "consumer oriented situation." See id. Plaintiff appears to be alleging that Defendant violated the NJCFA by making misrepresentations to other third-party consumers.[6] Accordingly, Plaintiff has not suffered an "injury in fact" under the NJCFA and lacks standing to assert its claim. Therefore, Count VIII must be dismissed.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted in part and denied in part. Specifically, Defendant's Motion to Dismiss is denied as to Count I and granted as to Counts II-VIII. To the extent the deficiencies in Plaintiff's Amended Complaint can be cured by way of amendment, Plaintiff is granted thirty (30) days to file a second amended complaint solely for purposes of amending the dismissed claims. An appropriate Order accompanies this Opinion.

Dated: August 24, 2016

CLAIRE C. CECCHI, U.S.D.J.

---

[6] The Court notes that it is not clear that any of those consumers (*e.g.*, MEC, Solar Electric, Bread and Roses High School, etc.) could bring a cause of action against Defendant under the NJCFA because they do not appear to have suffered any ascertainable loss. That question, however, is not before this Court on this motion to dismiss.