NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| HAMPDEN ENGINEERING CORPORATION | Civil Action No.: 15-7424 |
|---|---|
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| SHEAR TECHNOLOGY, LLC, | |
| Defendants. | |

Before the Court is a motion filed by Defendant Shear Technology, LLC ("Defendant") to dismiss Counts II, III, and IV for unfair competition and trade dress infringement[1] of Plaintiff Hampden Engineering Corporation's ("Plaintiff") Second Amended Complaint ("SAC"), (ECF No. 20), pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 21.) Plaintiff opposes the motion. (ECF No. 23.) The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.[2] It appearing:

1. On September 23, 2016, Plaintiff filed its SAC against Defendant. (ECF No. 20.) The SAC asserts copyright infringement under the Copyright Act (Count I), trade dress

---

[1] Count II is for "Unfair Competition in the Passing Off of the Shear Technology Products for the Hampden Engineering Products Through the Use of Hampden Engineering's Marketing Terms." (ECF No. 20.) Count III is for "Unfair Competition in the Passing Off of the Shear Technology Products for the Hampden Engineering Products Through the Use of Hampden Engineering's Trade Dress." (Id.) Count IV is for "Trade Dress Infringement of the Hampden Engineering Products – 15 U.S.C. § 1125 et. seq." (Id.)

[2] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

infringement under the Lanham Act (Counts III and IV),[3] and a state law claim for unfair competition (Count II). On October 4, 2016, Defendant moved to dismiss Count II, contending the Court did not grant leave to file a new claim, and alternatively for failure to state a claim, as well as Counts III and IV for failure to state a claim. (ECF No. 21.) On November 7, 2016, Plaintiff opposed the motion. (ECF No. 23.) On November 9, 2016, Defended responded. (ECF No. 24.) The Court incorporates by reference the background as laid out in its previous Opinion. (ECF No. 18.)

2. To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Additionally, in evaluating a

---

[3] Count III reads, "Unfair Competition in the Passing Off of the Shear Technology Products for the Hampden Engineering Products Through the Use of Hampden Engineering's Trade Dress." In the moving papers, the parties both address the claim solely as a claim of trade dress infringement. Defendant argues that both Counts III and IV fail to state a claim of trade dress infringement.

2

plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

3. Plaintiff alleges in Count II that Defendant engaged in unfair competition by "passing off" Defendant's products as being those of Plaintiff through the use of Plaintiff's marketing terms "X-1," "X-2," "X-3," and "X-4." (ECF No. 20 at 16.) "Passing off" occurs when "one fraudulently markets his goods as those of another . . . ." *SK&F, Co. v. Premo Pharm. Labs., Inc.*, 625 F.2d 1055, 1062 (3d Cir. 1980). Plaintiff asserts it had established name recognition and goodwill in the appellations "X-1," "X-2," "X-3," and "X-4." (*Id.*) Thus, it is Plaintiff's contention that Defendant's use of the appellations "X-1," "X-2," "X-3," and "X-4" to market its products was conduct constituting unfair competition. (*Id.*) Defendants argue that this constitutes a new claim and the Court did not grant leave to file a new claim, and alternatively Count II fails to state a claim. (ECF No. 21-1 at 8-9.) The Court's order granting leave to cure the deficiencies of the amended complaint did encompass the remedial efforts pertaining to this cause of action. Accepting as true that the appellations were recognized as identifying Plaintiff's products and carried with them goodwill built by Plaintiff's use, Plaintiff has provided sufficient factual matter to state a claim of unfair competition through "passing off" Defendant's products as being those of Plaintiff through the use of Plaintiff's marketing terms. Accordingly, Defendant's motion to dismiss Count II of the SAC is denied.

4. Plaintiff alleges in Count IV that Defendant's products infringe the trade dress of Plaintiff's products, and Plaintiff alleges in Count III unfair competition in the "passing off" of Defendant's products for Plaintiff's products through the use of Plaintiff's trade dress. (ECF No. 20 at 17-18.) Defendant moves to dismiss Counts IV for failure to state a claim of trade dress

infringement, and as Count III relies upon the same trade dress, Defendant moves to dismiss Count III on the same grounds. (ECF No. 21.) The Lanham Act provides a cause of action for trade dress infringement. 15 U.S.C. § 1125(a). "'Trade dress' refers to the design or packaging of a product which serves to identify the product's source." *Shire US Inc. v. Barr Labs., Inc.*, 329 F.3d 348, 353 (3d Cir. 2003). "To establish infringement of its unregistered trade dress a plaintiff must prove that (1) the allegedly infringing feature is nonfunctional, (2) the feature is inherently distinctive or has acquired secondary meaning, and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product." *Id.*; *see also McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 357 (3d Cir. 2007). Plaintiff bears the burden of "articulat[ing] the specific elements which comprise its distinct dress." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 309 (3d Cir. 2014). This practice allows the district court to ensure that the claim is not "pitched at an improper level of generality" and the plaintiff is not "seek[ing] protection for an unprotectable style, theme or idea." *Id.*

5. Plaintiff identifies a series of features as nonfunctional, such as the color, shape, and position of outlets, inlets, switches, knobs, and dials, and the shape and dimensions of the body and frame and arrangement and proportion of the frame to the body for the relevant products. (ECF No. 20 at 5-7.) Defendant does not appear to deny having these features, but argues that they are functional either in order for the products to work or because they are required by the consumer New York City schools: "each aspect of the claimed trade dress is a *requirement* of the NYCSCA Standard Specifications[.]" (ECF No. 21-1 at 5) (emphasis in original). Plaintiff argues that the requirements of the New York City schools "leave ample room for a bidder to design . . . around [Plaintiff's] trade dress such that the bidder has an opportunity to compete in the marketplace." (ECF No. 23 at 10.) Accepting as true Plaintiff's assertion that these features are

4

nonfunctional, the factual allegations regarding this element are enough to raise a right to relief above the speculative level to survive a motion to dismiss.

6. Plaintiff asserts its products are inherently distinctive and have acquired secondary meaning because the products have been marketed under Plaintiff's brand for "sufficient periods of time," about ten to twenty-three years, such that the respective product has acquired a secondary meaning. (ECF No. 20 at 5-7; ECF No. 23 at 8-9.) Plaintiff provides more than a threadbare recitation of this element; there is sufficient factual matter, when accepted as true, to state a claim to relief that is plausible on its face.

7. Plaintiff alleges a likelihood of confusion in that Defendant's products are "confusingly similar in their overall look and appearance to [Plaintiff's] [p]roducts." (ECF No. 20 at 18.) Viewing the complaint in the light most favorable to the non-moving party, Plaintiff has sufficiently alleged this element so as to survive a motion to dismiss.

8. For the reasons set forth above, Counts II, III, and IV survive Defendant's Motion to Dismiss. Defendant's Motion to Dismiss is denied.

IT IS on this 5 day of May, 2017,

**ORDERED** that Defendant's Motion to Dismiss, (ECF No. 21), is **DENIED**.

**SO ORDERED.**

                                          **CLAIRE C. CECCHI, U.S.D.J.**