UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAMPDEN ENGINEERING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHEAR TECHNOLOGY, LLC,<br><br>Defendant. | Civil Action No. 15-7424 (CCC)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Hampden Engineering Corporation ("Plaintiff") for leave to file a Third Amended Complaint [ECF No. 31]. Defendant Shear Technology, LLC ("Defendant") opposes Plaintiff's motion [ECF. No. 34]. For the reasons set forth below, Plaintiff's motion to file a Third Amended Complaint [ECF. No. 31] is **DENIED.**

**I.   BACKGROUND AND PROCEDURAL HISTORY[1]**

Plaintiff commenced this action on October 13, 2015 by filing its Complaint. ECF No. 1. On November 19, 2015, Defendant filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 9. In response to Defendant's motion, Plaintiff filed an Amended Complaint and the Court subsequently terminated Defendant's motion. *See* ECF No. 11. On December 21, 2015, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. By Opinion and Order dated August 26, 2016, the Honorable Claire C. Cecchi ("Judge Cecchi") granted in part and denied in part Defendant's Motion to Dismiss. ECF Nos. 18, 19. Specifically, the Court denied the motion to dismiss Count I, and granted the motion to dismiss Counts II-VIII. *Id.*

---

[1] The factual and procedural history of this case is set forth in the Court's Opinion on Defendant's Motion to Dismiss. *See* ECF No. 18.

1

On September 23, 2016, Plaintiff filed its Second Amended Complaint. ECF No. 20. Shortly thereafter, Defendant again moved to dismiss. ECF No. 21. By Memorandum Opinion and Order dated May 5, 2017, Judge Cecchi denied Defendant's Motion to Dismiss. ECF No. 25. On July 26, 2017, the Court held an initial conference and entered a Pretrial Scheduling Order ("Scheduling Order") directing the parties to file motions for leave to amend the pleadings by no later than November 9, 2017. Scheduling Order ¶¶ 15, 16, ECF No. 29. The next day on July 27, 2017, the Court entered an Amended Scheduling Order curing errors in the previous Scheduling Order, but the date for the parties to file motions to amend remained the same.

Plaintiff now seeks leave to file a Third Amended Complaint. ECF No. 31. In its Third Amended Complaint, Plaintiff seeks to introduce thirty-nine (39) new claims against Defendant. Defendant opposes Plaintiff's motion. Defendant presents arguments as to undue delay, bad faith, prejudice and futility. Def.'s Br. at 1, ECF No. 34.

## II. DISCUSSION

### A. Rule 15 Standard

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*,

371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . .." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

### B. Rule 15 Analysis

Defendant presents arguments as to undue delay, bad faith, prejudice and futility. Def.'s Br. at 1, ECF No. 34. The legal test governing motions to amend is in the disjunctive, meaning that if Defendant meets its burden to prove any one of these elements, the Proposed Third Amended Complaint should not be permitted. Therefore, to the extent necessary, the Court will address each argument, in turn.

#### i. Undue Delay

Defendant contends that Plaintiff's delay in filing its motion was undue. Defendant puts forth two arguments. Initially, Defendant argues that Plaintiff's motion has prolonged litigation, and if it is accepted it will continue to prolong resolution of this matter which will cause the Court to expend unnecessary time and resources. Specifically, Defendant argues that because this case is over two years old, and because Plaintiff had more than four months to seek leave to file a Third Amended Complaint, the Court should not grant Plaintiff's motion. *See* Def.'s Br. at 4, ECF No. 34. Defendant further contends that the Court should not grant Plaintiff's motion because Plaintiff was aware of the factual allegations it now seeks to assert more than four and a half years ago and Plaintiff failed to offer any explanation as to why it did not include its proposed claims in its previous Amended Complaints. *Id.* at 5.

A finding of undue delay, without a finding of prejudice, may justify denial of a motion to amend "when the amendment is grounded on 'bad faith or dilatory motive, truly undue or unexplained delay . . ..'" *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361, 369 (D.Del. 2006) (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 425 (3d Cir. 1981)). Courts in this circuit have denied motions to amend based solely on undue delay when a long delay was unexplained. *See Lorenz v. CSX Corp.,* 1 F.3d 1406 (3d Cir. 1993) (affirming denial to amend where the district court made no finding of prejudice but leave to amend was filed nearly two years after the prior amendment); *USX Corp. v. Barnhart,* 395 F.3d 161 (3d Cir. 2004) (affirming denial of leave to amend on the ground of unreasonable delay where the movant waited more than three years to amend). "[W]hile bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton,* 252 F.3d at 273 (internal citations omitted).

Upon review of Plaintiff's Motion, the Court notes that Plaintiff's moving papers are devoid of any discussion on whether its delay in filing its Motion to Amend was undue. The section of Plaintiff's brief allegedly devoted to addressing "undue delay" simply consists of three paragraphs of procedural history and case citations but fails to include any explanation as to why Plaintiff did not move to amend sooner. *See Cureton,* 252 F.3d at 273. As Defendant notes in its opposition papers, it appears that the proposed amendments Plaintiff seeks to include arose out of actions that occurred as early as March of 2013, shortly after Plaintiff sent a letter to Defendant informing Defendant that it was in violation of the United States Copyright Act. *See* Third Am. Compl. ¶ 57, ECF No. 31-3. Over the four-year period between Plaintiff's letter to Defendant and the filing of Plaintiff's present Motion to Amend, Plaintiff had numerous opportunities to correct

any deficiencies in its original Complaint. In fact, Plaintiff has already filed three Complaints in this matter. Plaintiff's failure to thoroughly consider all of its allegations before filing its Complaint, has cost this Court substantial time in resolving its motions and have significantly prolonged resolution of this matter. Plaintiff's repeated deficiencies have not only burdened the Court, they have also prejudiced Defendant. Accordingly, the Court finds that Plaintiff's delayed motion to amend is undue. Based on the foregoing, Plaintiff's motion for leave to file a Third Amended Complaint is **DENIED**.

### A. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 26th day of June, 2018,

**ORDERED** that Plaintiff's motion for leave to file a Third Amended Complaint [ECF No. 31] is **DENIED.**

s/ James B. Clark, III<br>
**JAMES B. CLARK, III**<br>
**United States Magistrate Judge**